# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL SWAFFORD, | Civil No. 08-1012 (JRT/RLE) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| AMERICAN FAMILY INSURANCE COMPANY, | |
| Defendant. | |

Michael Swafford, Address Unknown, plaintiff *pro se*.

Paul Duggan Vraa and Melissa M. Weldon, **LARSON KING, LLP**, 30 East Seventh Street, Suit 2800, St. Paul, MN 55101-4922, for defendant.

Plaintiff Michael Swafford filed this action against American Family Insurance Company ("American Family") following a dispute over whether personal injuries suffered by Swafford were covered by an American Family insurance policy. American Family now moves to dismiss the action with prejudice for Swafford's failure to prosecute. *See* Fed. R. Civ. P. 41(b). For the reasons given below, American Family's motion is granted.

## BACKGROUND

In his Complaint, Swafford alleges that he was injured in a jet ski accident on June 30, 2001, while he was a guest at the lake property of Todd and Veletta Gartner. (Compl., Docket No. 1, at ¶¶ 5-9.) Swafford alleges that Todd Gartner lost control of a

jet ski and crushed Swafford's leg between the jet ski and a dock. (*Id*., ¶ 8.)  Swafford and American Family dispute whether Swafford's injuries are covered under an American Family insurance policy issued to the Gartners.

On April 3, 2008, Swafford filed this action seeking a declaratory judgment that the American Family policy covers his injuries, and on April 9, 2008, American Family removed the action to federal district court.  During a deposition of Todd Gartner on October 24, 2008, American Family's counsel inquired as to why Gartner's account of the accident was different than the account that he had originally reported to American Family.  (Vraa Aff., Docket No. 36, Ex. C, at 47-48.)  Gartner's attorney advised him to invoke the Fifth Amendment, (*id*., at 48), and American Family subsequently indicated that it would be arguing that coverage for Swafford's injuries was excluded under the Gartners' policy because of Todd Gartner's misrepresentations about the accident.  (Vraa Aff., Docket No. 36, Ex. D.)

On January 13, 2009, Swafford's attorneys filed a motion to withdraw from the case without substitution.  (Docket No. 25.)  The attorneys indicated they had spoken with Swafford by phone on October 27, 2008, just three days after Gartner's deposition, but had not been able to reach him since, despite repeated calls to both his home and mobile telephones.  (Howland Aff., Docket No. 28, ¶¶ 2-5.)  The attorneys also indicated that on November 5, 2008, they sent Swafford a letter, again expressing their intent to withdraw as his counsel.  (Howland Aff., Docket No. 28, Ex. A.)  Swafford did not respond.  (Howland Aff., Docket No. 28, ¶ 7.)  A similar letter on December 1 also went unanswered, and another similar letter sent via certified mail on December 16 was

returned as "refused." (*Id*., ¶¶ 8-12.) A final letter on December 29 also went unanswered. (*Id*., ¶¶ 13-14.)

On February 2, 2009, Magistrate Judge Raymond L. Erickson granted the attorneys' motion to withdraw, and also granted American Family's motion to compel Swafford to appear for a deposition. The Court mailed this Order directly to Swafford's last known address, but the letter was returned as undeliverable. (Docket No. 42.) American Family subsequently attempted to personally serve Swafford with the notice of deposition in February 2009, but the process server was told that Swafford had moved within the last six to eight months, and had left no contact information. (Second Vraa Aff., Docket No. 45, Ex. 1.) The process server also noted that the post office did not have a change-of-address form for Swafford on file. (*Id.*) The notice was also mailed to Swafford by American Family, and was returned as "refused." (*Id*., Ex. 2.) On June 1, 2009, American Family moved to dismiss this action with prejudice for failure to prosecute.

## ANALYSIS

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The district court's power to dismiss such actions enables it "to ensure the expeditious handling of cases and to protect the rights of opposing parties to be free of prejudice caused by a litigant's dilatory conduct." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997). "The district court

need only find that a litigant acted deliberately rather than accidentally, and need not find bad faith." *Id*. While dismissal with prejudice is a severe sanction, it may be appropriate where there is "a clear record of delay or contumacious conduct by the plaintiff, or . . . upon a serious showing of willful default." *Navarro v. Chief of Police, Des Moines, Ia.*, 523 F.2d 214, 217 (8th Cir. 1975) (internal quotation marks omitted).

The Court concludes that dismissal with prejudice is appropriate here. As set forth above, American Family, the Court, and Swafford's former attorneys have collectively exhausted every conventional method for contacting him. Those attempts have included letters sent by both certified and regular mail; phone calls to both his home and mobile telephone; and a personal visit to his last known residence by a process server. These extensive efforts to contact Swafford have been frustrated by (1) his failure to provide a forwarding address to the Court, to American Family, or to his own attorneys; (2) his failure to respond to his attorneys' phone calls to both his home and mobile telephone (which would, in most cases, stay with an individual even after a change of address); (3) his failure to file a change-of-address form with the post office; and (4) his failure to leave contact information with individuals living at his former residence. In addition, the woman whom the process server spoke with at Swafford's former residence did not describe any circumstances that may explain his prolonged absence, such as a medical emergency or a military deployment. (Second Vraa Aff., Docket No. 45, Ex. 1.) Rather, she simply indicated that he had "moved out." (*Id.*) Finally, the Court is not blind to the fact that Swafford's effective disappearance occurred just days after the specter of criminal fraud arose at Todd Gartner's deposition. In those unique circumstances, the

Court concludes that it is sufficiently clear that Swafford has intentionally abandoned these proceedings for the Court to dismiss his action with prejudice. Accordingly, American Family's motion is granted.[1]

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that American Family's motion to dismiss [Docket No. 43] is **GRANTED**. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 25, 2009　　　　　　　　＿＿＿s/ John R. Tunheim＿＿＿＿
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] American Family indicates in its memorandum that if Swafford's action is dismissed with prejudice, it will voluntarily dismiss its counterclaim seeking a declaration of no coverage. (*See* Docket No. 44, at 6 n.2.) Accordingly, to be clear, the Court considered this dismissal of Swafford's action to terminate this action in its entirety, including the counterclaim brought by American Family.